<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4961**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MICHAEL SMITH,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (4:95-cr-00057-F-4)

_____

Submitted:  April 12, 2010      Decided:  April 22, 2010

_____

Before WILKINSON, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Smith appeals the district court's order revoking his supervised release and sentencing him to twenty-six months in prison. We affirm.

I

Smith was convicted of a drug offense in 1995 and was sentenced to ninety months in prison, to be followed by a five-year term of supervised release. Smith's term of supervised release commenced in December 2001. In 2005, his release was revoked. He was sentenced to twenty-four months in prison, to be followed by thirty-six months of supervised release. In 2007, Smith's release was again revoked, and he was sentenced to ten months in prison, to be followed by twenty-six months of supervised release.

Smith's most recent term of release began in January 2008. In July 2009, his probation officer moved to revoke his release based on three violations. Smith admitted two of the violations. The district court heard evidence on the third, which charged criminal conduct. The court concluded that Smith had committed the three violations as charged. The court revoked release and sentenced him to twenty-six months in prison. In sentencing Smith, the court stated:

The court has considered the policy statements on revocations contained in Chapter Seven of [the] U.S. Sentencing Guidelines.

Smith's performance under the most recent term of supervision has been marginal at best. The motion for revocation clearly documents a history of substantial noncompliance and frequent violation conduct.

Smith has historically shown some promise early in the supervision process, but he inevitably reverts to behavior indicative of an unmotivated, careless lifestyle.

By his very nature, he is a reckless and impulsive individual. This behavior coupled with the likelihood of drug and/or alcohol abuse presents serious danger to the community.

In view thereof, a sentence of twenty-six months is appropriate. . . . This was a Grade B violation, criminal history category II, with a custody range of six to twelve months. The court has departed upwardly for the reasons heretofore indicated inasmuch as the sentence will allow the defendant to receive intensive substance abuse treatment while incarcerated, which the court recommends.

II

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first determine whether the sentence is unreasonable, following generally the model for reviewing original sentences set forth in Gall v. United States, 552 U.S. 38 (2007), "with some necessary modifications to take into account the unique nature of

3

supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C. § 3553(a)(2006) factors that it is permitted to consider. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 438-40. The relevant § 3553(a) factors are: "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to afford adequate deterrence to criminal conduct, . . . protect the public from further crimes of the defendant, . . . [and] provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . ." § 3553(a)(2)(B)-(D).

A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we find a sentence procedurally or substantively unreasonable will we consider whether the sentence is plainly unreasonable. Id.

III

We conclude that Smith's sentence, which falls within the statutory maximum, is not procedurally or substantively unreasonable. The district court considered the Chapter 7 policy statements and relevant § 3553(a) factors and adequately explained its reasons for the sentence.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED